UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAMMERMAN & GAINER, LLC | CIVIL ACTION |
| VERSUS | NO. 18-6729 |
| LEXINGTON INSURANCE COMPANY | SECTION: "G"(1) |

## ORDER

Before this Court is Defendants Lexington Insurance Company ("Lexington") and AIG Claims, Inc. ("AIG Claims") (collectively, "Defendants") "Rule 12(b)(6) Partial Motion to Dismiss."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part, deny the motion without prejudice in part, and grant Plaintiff leave to amend the complaint.

## I. Background

### A. *Factual Background*

In this litigation, Plaintiff Hammerman & Gainer, LLC ("Plaintiff") seeks to recover damages it incurred because of a denial of insurance coverage under "Miscellaneous Professional Liability Policies" Lexington issued to Plaintiff.[2] According to the petition, the policies obligated Lexington to defend Plaintiff "against alleged wrongful acts of [Plaintiff] resulting from any alleged or actual error, omission, negligence, misstatement or misleading statement, and/or breach of duty unintentionally committed for whom [Plaintiff] is legally liable relating to the rendering of professional services to persons."[3]

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 1-1 at 2.

[3] *Id.*

Plaintiff alleges that it entered an Administrative Services Contract for the period of May 8, 2013 through May 7, 2016, with the state of New Jersey, whereby Plaintiff was to administer a catastrophic recovery process for the state following Hurricane Sandy.[4] As part of its work under the Administrative Services Contract, Plaintiff employed subcontractors including Veteran Call Center, LLC and Veteran Contract Center, Inc. (collectively, "VCC").[5]

According to the petition, representatives of the state of New Jersey were unsatisfied with Plaintiff's work and the work provided by its subcontractors, and refused to pay Plaintiff for the services it provided under the Administrative Services Contract.[6] Plaintiff and the state of New Jersey proceeded to arbitration and ultimately settled the dispute for a percentage of the total amount Plaintiff had billed for the work of its subcontractors.[7] Plaintiff alleges that it then tendered to VCC a portion of the settlement.[8] However, Plaintiff states that VCC was not satisfied with the amount tendered, and VCC filed suit against Plaintiff in the United States District Court for the District of New Jersey seeking recovery of $690,000 in unpaid invoices.[9]

Plaintiff alleges that it tendered the VCC claim to Lexington to defend, and Lexington assigned AIG Claims to investigate the VCC claim.[10] According to the petition, AIG Claims incorrectly found that the Miscellaneous Professional Liability Policies excluded coverage to Plaintiff "for a claim for expenses or damages for a claim arising out of an act that provided

---

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4–5.

[10] *Id.* at 6.

personal profit or advantages to [Plaintiff] and to which [Plaintiff] was not legally entitled . . . and excluded coverage for claimed expenses or damages arising out the liability of others assumed by [Plaintiff] under a contract or agreement."[11] Therefore, Lexington refused to defend Plaintiff in the lawsuit instituted by VCC.[12] As a result, Plaintiff alleges that it hired its own counsel to defend the lawsuit, and Plaintiff incurred "millions of dollars" in litigation expenses.[13] In the instant litigation, Plaintiff seeks to recover the money it paid to defend itself in the lawsuit instituted by VCC.[14] Plaintiff also seeks recovery of attorney's fees incurred in the instant lawsuit.[15]

**B.     *Procedural Background***

On May 25, 2018, Plaintiff filed a "Petition for Breach of Contract for Failure to Defend" against Defendants Lexington and AIG Claims in the Civil District Court for the Parish of Orleans.[16] Plaintiff claims that Lexington breached its duties to Plaintiff under the Miscellaneous Professional Liability Policies.[17] Plaintiff claims that AIG Claims failed to adjust the claim properly, breaching a duty imposed on both AIG Claims and Lexington under Louisiana Civil Code article 1978.[18] Plaintiff also alleges that Lexington failed to file a claim against AIG Claims for breach of contract relating to Plaintiff's request for defense under the Miscellaneous

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at 7.

[15] *Id.*

[16] *Id.* at 1.

[17] *Id.* at 7.

[18] *Id.* at 8.

Professional Liability Policies, and so Plaintiff brings an oblique action against AIG Claims under Louisiana Civil Code article 2044.[19]

On July 17, 2018, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, because Defendants asserted that this matter is between citizens of different states and the amount in controversy exceeds $75,000.[20] On August 3, 2018, Defendants filed the instant "Rule 12(b)(6) Partial Motion to Dismiss."[21] On August 21, 2018, Plaintiff filed an opposition to the motion.[22] On August 29, 2018, with leave of Court, Defendants filed a reply brief in further support of the motion.[23]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Partial Motion to Dismiss*

In the instant motion, Defendants seek dismissal of the third-party beneficiary claim Plaintiff brings against them under Louisiana Civil Code article 1978 because Plaintiff has not plead any facts that establish it is a third-party beneficiary to any contract between Lexington and AIG Claims.[24] Next, Defendants assert that Plaintiff cannot state a claim against AIG Claims because Louisiana law does not provide for coverage claims against an insurance adjuster.[25]

---

[19] *Id.*

[20] Rec. Doc. 1. Defendants allege that Lexington is a Delaware corporation with its principal place of business in Massachusetts, and AIG Claims is a Delaware corporation with its principal place of business in New York. *Id.* at 3. Plaintiff is a Louisiana limited liability company, whose members are diverse from AIG Claims and Lexington. *Id.* at 2. Plaintiff alleges that it is entitled to damages for sums of money it paid to defend itself from the lawsuit filed by VCC, which "amounted to millions of dollars." Rec. Doc. 1-1 at 7–8. Therefore, the amount in controversy clearly exceeds $75,000.

[21] Rec. Doc. 9.

[22] Rec. Doc. 10.

[23] Rec. Doc. 13.

[24] Rec. Doc. 9-2 at 1.

[25] *Id.* at 2.

Finally, Defendants argue that the oblique action against AIG Claims must be dismissed because Plaintiff has not plead the essential elements of an oblique action and because it has prescribed.[26]

First, Defendants argue that Plaintiff has not plead any facts that establish it is a third-party beneficiary to any contract between Lexington and AIG Claims.[27] Defendants note that there are three criteria Louisiana courts use to determine whether a third party benefit has been created under Louisiana Civil Code article 1978: "(1) the stipulation for a third party must be manifestly clear; (2) there must be certainty as to the benefit provided the third party; and (3) the benefit must not be a mere incident of the contract between the promissor and the promissee."[28] Because Plaintiff has not alleged facts regarding any of the elements required to state a third-party beneficiary claim against Defendants, Defendants assert that such a claim should be dismissed.[29]

Second, Defendants argue that the Court should dismiss Plaintiff's claims against AIG Claims because AIG Claims is not a party to the insurance contracts at issue in this case.[30] Defendants assert that Louisiana courts have consistently held that, "as a general rule, an insurance adjuster owes no duty to an insured to properly investigate or handle claims, or advise an insured on coverage issues."[31] Therefore, Defendants argue that Plaintiff cannot bring a direct claim against AIG Claims under the Louisiana Insurance Code.[32]

---

[26] *Id.* at 1.

[27] *Id.* at 5.

[28] *Id.* at 6 (citing *Joseph v. Hospital Service District No. 2 of Parish of St. Mary*, 2005-2364 (La. 10/15/06); 939 So. 2d 1206, 1212).

[29] *Id.* at 7.

[30] *Id.*

[31] *Id.* at 8 (citing *Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 (E.D. La. Oct. 31, 2006)).

[32] *Id.* at 8–10.

Finally, Defendants argue that the oblique action Plaintiff brings against AIG Claims should be dismissed.[33] Defendants state that under Louisiana Civil Code article 2041, oblique actions must be filed within one year from the date a party discovered the facts supporting the cause of action.[34] Defendants assert that Plaintiff knew or should of known of the facts triggering an oblique action by September 2015.[35] Because Plaintiff did not file this case until May 25, 2018, Defendants argue that the oblique action has prescribed.[36] Furthermore, Defendants argue that Plaintiff has not stated an oblique action against AIG Claims because Plaintiff does not allege that Lexington is insolvent or that Lexington's failure to exercise a right against AIG Claims caused or increased its insolvency.[37] For these reasons, Defendants contend that AIG Claims should be dismissed as a party and the third-party beneficiary claim should be dismissed against Lexington.[38]

### B.     *Plaintiff's Arguments in Opposition to Defendants' Motion*

In opposition, Plaintiff states that at this stage of the litigation it has not received a copy of the contract between Lexington and AIG Claims.[39] Plaintiff asserts that after it receives the relevant documents it "will make a good faith effort to determine if no duty existed on [AIG Claims] to properly adjust the claims forwarded to it by Lexington and whether [Plaintiff] is arguably a third party beneficiary."[40] If, after review of the documents, Plaintiff determines that it

---

[33] *Id.* at 10.

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.* at 11.

[38] *Id.* at 12.

[39] Rec. Doc. 10 at 8.

[40] *Id.*

is not a third party beneficiary to the contract, Plaintiff represents that it will voluntarily dismiss AIG Claims.[41]

Next, Plaintiff asserts that it has stated a claim against AIG Claims under the law of mandate because AIG Claims was acting as a mandatory for Lexington.[42] Plaintiff argues that "a mandatory who exceeds his authority can be personally bound to the third person with whom he contracts."[43] Plaintiff contends that Defendants have not shown what the duties of AIG Claims were to Lexington or vice versa.[44] Until such duties can be reasonably ascertained, Plaintiff contends "it is premature to conclude what is or was applicable to the case at bar."[45] Plaintiff agrees with Defendants that "as a general rule, an insurance adjuster owns no duty to properly investigate or handle claims, [sic] or advise an insured on coverage issues," but Plaintiff argues that this is not always the case.[46] Plaintiff asserts that it cannot determine the appropriate cause of action to raise against AIG Claims until after it receives the contract between AIG Claims and Lexington.[47]

Plaintiff concedes that it cannot show that Lexington is insolvent, as required to state an oblique action against AIG Claims.[48] Therefore, Plaintiff concedes that it cannot state an oblique action against AIG Claims.[49]

---

[41] *Id.* at 8–9.

[42] *Id.* at 10.

[43] *Id.* at 11–12.

[44] *Id.* at 12.

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.* at 13.

[49] *Id.*

Finally, Plaintiff notes that the petition was originally filed in state court, where the pleading requirements are less stringent.[50] Accordingly, Plaintiff requests an opportunity to amend the pleadings.[51]

## C.    *Defendants' Arguments in Further Support of the Motion*

In the reply brief, Defendants assert that Plaintiff "has not submitted any valid bases to refute the positions of Defendants, in whole or in part."[52] First, Defendants assert that Plaintiff did not plead any facts establishing it is a third-party beneficiary to the contract between AIG Claims and Lexington.[53] Second, Defendants note that Plaintiff acknowledges that it cannot show that Lexington is insolvent, and the oblique action against AIG Claims should be dismissed.[54] Finally, Defendants argue that Plaintiff has not refuted that it cannot state a claim against AIG Claims, an insurance adjuster, under Louisiana law.[55]

Defendants argue that the Court should not allow the third-party beneficiary claim to proceed on an "uninvestigated suspicion" without satisfying the pleading requirements of Federal Rule of Civil Procedure 8 and 12.[56] Because Plaintiff has plead no facts in support of the essential elements of a third-party beneficiary claim, Defendants argue that such a claim must be dismissed.[57]

---

[50] *Id.*

[51] *Id.*

[52] Rec. Doc. 13 at 1.

[53] *Id.*

[54] *Id.*

[55] *Id.* at 2.

[56] *Id.*

[57] *Id.*

Second, Defendants note that Plaintiff concedes that it cannot show that Lexington is insolvent and that it cannot presently prove an oblique action.[58] Moreover, Defendants assert that the oblique action has prescribed, and Plaintiff has not contested this assertion.[59]

Finally, Defendants argue that Plaintiff has not stated any other viable cause of action against AIG Claims.[60] Defendants conclude by stating that Plaintiff's claims are against the insurer, Lexington, and not the insurance adjuster, AIG Claims.[61] For these reasons, Defendants request dismissal of all claims pending against AIG Claims and the third-party beneficiary claim pending against Lexington.[62]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[63] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[64] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[65] "Factual allegations must be enough to raise a right to relief above the

---

[58] *Id.* at 4.

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.* at 6.

[63] Fed. R. Civ. P. 12(b)(6).

[64] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[65] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

speculative level."⁶⁶ A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."⁶⁷

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.⁶⁸ However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.⁶⁹ "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."⁷⁰ Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.⁷¹ The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.⁷² That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."⁷³ From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.⁷⁴ If factual allegations are insufficient to raise a right to relief above the

---

⁶⁶ *Twombly*, 550 U.S. at 556.

⁶⁷ *Id.* at 570.

⁶⁸ *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

⁶⁹ *Iqbal*, 556 U.S. at 677–78.

⁷⁰ *Id.* at 679.

⁷¹ *Id.* at 678.

⁷² *Id.*

⁷³ *Id.*

⁷⁴ *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[75]

## IV. Analysis

### A. Whether Plaintiff Has Stated a Third-Party Beneficiary Claim Against Defendants

In the instant motion, Defendants seek dismissal of the third-party beneficiary claim Plaintiff brings against them under Louisiana Civil Code article 1978 because Plaintiff has not plead any facts that establish it is a third-party beneficiary to any contract between Lexington and AIG Claims.[76] In opposition, Plaintiff concedes that it has not stated a third-party beneficiary claim, but requests additional time to review the contract between Lexington and AIG Claims to determine whether Plaintiff could be a third-party beneficiary under the contract.[77]

Louisiana Civil Code article 1978 provides that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary."[78] The Louisiana Supreme Court has set forth three criteria for determining whether contracting parties have provided a benefit for a third party: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promissor and the promissee."[79] "The most basic requirement of a stipulation pour autrui is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation,

---

[75] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[76] Rec. Doc. 9-2 at 1.

[77] Rec. Doc. 10 at 8.

[78] La. Civ. Code art. 1978.

[79] *Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 2005-2364 (La. 19/15/06), 939 So.2d 1206, 1212.

a party claiming to be a third party beneficiary cannot meet his burden of proof."[80] "A stipulation *pour autrui* is never presumed. The party claiming the benefit bears the burden of proof"[81]

Plaintiff has not plead any facts in support of its assertion that it is a third-party beneficiary to the contract between Lexington and AIG Claims. Plaintiff requests additional time to review the contract between Lexington and AIG Claims to determine whether Plaintiff could be a third-party beneficiary under the contract.[82] Plaintiff also requests leave to amend the complaint to address any deficiencies in the pleadings.[83] The Court recognizes that a motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[84] Short of granting a motion to dismiss, a court may grant Plaintiff leave to amend the complaint.[85] Therefore, the Court will grant Plaintiff leave to amend the complaint to address the deficiencies noted herein.

B. *Whether Plaintiff Has Stated a Claim Against AIG Claims as an Insurance Adjuster*

Defendants assert that Plaintiff cannot state a claim against AIG Claims because Louisiana law does not provide for coverage claims against an insurance adjuster.[86] In opposition, Plaintiff asserts that it has stated a claim against AIG Claims under the law of mandate because AIG Claims was acting as a mandatory for Lexington.[87] Plaintiff contends that Defendants have not shown

---

[80] *Id.* (internal citations omitted).

[81] *Id.*

[82] Rec. Doc. 10 at 8.

[83] *Id.* at 13.

[84] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[85] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[86] Rec. Doc. 9-2 at 2.

[87] Rec. Doc. 10 at 10.

what the duties of AIG Claims were to Lexington or vice versa.[88] Until such duties can be reasonably ascertained, Plaintiff contends "it is premature to conclude what is or was applicable to the case at bar."[89]

Louisiana law imposes upon an insurer a duty of good faith and fair dealing, including "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured."[90] Federal district courts in Louisiana have consistently recognized that, as a general rule, an insurance adjuster cannot be held liable for its processing and handling of an insurance claim.[91] However, courts have recognized that an insurance adjuster can be held liable where the adjuster "has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on this information."[92]

Plaintiff has not plead any facts to show that AIG Claims engaged in fraud or provided Plaintiff with false information regarding the potential success of the claim. Instead, Plaintiff asserts that it has stated a claim against AIG Claims under the law of mandate because AIG Claims was acting as a mandatory for Lexington.[93] Plaintiff argues that "a mandatory who exceeds his authority can be personally bound to the third person with whom he contracts."[94] Plaintiff concedes

---

[88] *Id.* at 12.

[89] *Id.*

[90] La Rev. Stat. § 22:1973(A).

[91] *Rosinia v. Lexington Ins. Co.*, No. 06-6315, 2006 WL 3141247 (E.D. La. Oct. 31, 2006) (Barbier, J.); *Munsterman v. State Farm Fire & Cas. Co*, No. 06-8722, 2007 WL 29183, *1 (E.D. La. Jan. 3, 2007) (Zainey, J.); *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 221560, *3 (E.D. La. Jan. 27, 2005) (Duval, J.); *Rich v. Bud's Boat Rentals, Inc.*, No. 96-3279, 1997 WL 785668 at *3(E.D. La. Nov. 30, 2006) (Vance, J.).

[92] *Munsterman*, 2007 WL 29183, at *1.

[93] Rec. Doc. 10 at 10.

[94] *Id.* at 11–12.

that "as a general rule, an insurance adjuster owns no duty to properly investigate or handle claims, [sic] or advise an insured on coverage issues," but Plaintiff argues that this is not always the case.[95] Plaintiff asserts that it cannot determine the appropriate cause of action to raise against AIG Claims until after it receives the contract between AIG Claims and Lexington.[96]

In support of this assertion, Plaintiff cites Louisiana Civil Code article 3019, which provides that "[a] mandatary who exceeds his authority is personally bound to the third person with whom he contracts, unless that person knew at the time the contract was made that the mandatary had exceeded his authority or unless the principal ratifies the contract." Plaintiff does not allege that he contracted with AIG Claims or that AIG Claims owed any duty to Plaintiff. Therefore, Plaintiff has not stated a claim against AIG Claims. Nevertheless, short of granting the motion to dismiss, the Court will grant Plaintiff leave to amend the complaint to address these deficiencies if possible.

## C. *Whether Plaintiff Has Stated an Oblique Action Against AIG Claims*

Finally, Defendants argue that the oblique action against AIG Claims must be dismissed because Plaintiff has not plead the essential elements of an oblique action and because it has prescribed.[97] In response, Plaintiff concedes that it cannot show that Lexington is insolvent, as required to state an oblique action against AIG Claims.[98]

Under Louisiana law, "[i]f an obligor causes or increases his insolvency by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the

---

[95] *Id.* at 12.

[96] *Id.*

[97] Rec. Doc. 9-2 at 1.

[98] Rec. Doc. 10 at 13.

obligor."[99] This type of claim is called an oblique action. Under Louisiana law, "[a]n obligor is insolvent when the total of his liabilities exceeds the total of his fairly appraised assets."[100]

Plaintiff concedes that it cannot show that Lexington is insolvent, as required to state an oblique action against AIG Claims.[101] Therefore, because Plaintiff cannot show an essential element of an oblique action, this claim must be dismissed. Furthermore, amendment would be futile as Plaintiff concedes that it would be unable to prove an oblique action.

## V. Conclusion

For the reasons discussed above, the Court dismisses the oblique action filed by Plaintiff as Plaintiff concedes that it cannot show an essential element of an oblique action. Plaintiff has not stated a third-party beneficiary claim against Defendants. Furthermore, Plaintiff has not stated a claim against AIG Claims. Rather than dismiss these claims at this time, the Court will grant Plaintiff leave to amend the complaint. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant' "Rule 12(b)(6) Partial Motion to Dismiss"[102] is **GRANTED IN PART** and the oblique action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion is **DENIED WITHOUT PREJUDICE** in all other respects.

---

[99] La. Civ. Code art. 2044.

[100] La. Civ. Code art. 2037.

[101] Rec. Doc. 10 at 13.

[102] Rec. Doc. 9.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the complaint within thirty days of this Order to cure the deficiencies noted, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

**NEW ORLEANS, LOUISIANA,** this 7th day of January, 2019.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**