UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| HAMMERMAN & GAINER, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-6729 |
| LEXINGTON INSURANCE COMPANY | SECTION: "G"(1) |

## ORDER

Before this Court is Defendants Lexington Insurance Company ("Lexington") and AIG Claims, Inc. ("AIG Claims") (collectively, "Defendants") "Second Rule 12(b)(6) Partial Motion to Dismiss."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny it in part.

## I. Background

*A.  Factual Background*

In this litigation, Plaintiff Hammerman & Gainer, LLC ("Plaintiff") seeks to recover damages it incurred because of a denial of insurance coverage under "Miscellaneous Professional Liability Policies" Lexington issued to Plaintiff.[2] According to the petition, the policies obligated Lexington to defend Plaintiff "against alleged wrongful acts of [Plaintiff] resulting from any alleged or actual error, omission, negligence, misstatement or misleading statement, and/or breach of duty unintentionally committed for whom [Plaintiff] is legally liable relating to the rendering of professional services to persons."[3]

---

[1] Rec. Doc. 27.

[2] Rec. Doc. 1-1 at 2.

[3] *Id.*

Plaintiff alleges that it entered an Administrative Services Contract for the period of May 8, 2013 through May 7, 2016, with the state of New Jersey, whereby Plaintiff was to administer a catastrophic recovery process for the state following Hurricane Sandy.[4] As part of its work under the Administrative Services Contract, Plaintiff employed subcontractors including Veteran Call Center, LLC and Veteran Contract Center, Inc. (collectively, "VCC").[5]

According to the petition, representatives of the state of New Jersey were unsatisfied with Plaintiff's work and the work provided by its subcontractors, and refused to pay Plaintiff for the services it provided under the Administrative Services Contract.[6] Plaintiff and the state of New Jersey proceeded to arbitration and ultimately settled the dispute for a percentage of the total amount Plaintiff had billed for the work of its subcontractors.[7] Plaintiff alleges that it then tendered to VCC a portion of the settlement.[8] However, Plaintiff states that VCC was not satisfied with the amount tendered, and VCC filed suit against Plaintiff in the United States District Court for the District of New Jersey seeking recovery of $690,000 in unpaid invoices.[9]

Plaintiff alleges that it tendered the VCC claim to Lexington to defend, and Lexington assigned AIG Claims to investigate the VCC claim.[10] According to the petition, AIG Claims incorrectly found that the Miscellaneous Professional Liability Policies excluded coverage to Plaintiff "for a claim for expenses or damages for a claim arising out of an act that provided

---

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4–5.

[10] *Id.* at 6.

personal profit or advantages to [Plaintiff] and to which [Plaintiff] was not legally entitled . . . and excluded coverage for claimed expenses or damages arising out the liability of others assumed by [Plaintiff] under a contract or agreement."[11] Therefore, Lexington refused to defend Plaintiff in the lawsuit instituted by VCC.[12] As a result, Plaintiff alleges that it hired its own counsel to defend the lawsuit, and Plaintiff incurred "millions of dollars" in litigation expenses.[13] In the instant litigation, Plaintiff seeks to recover the money it paid to defend itself in the lawsuit instituted by VCC.[14] Plaintiff also seeks recovery of attorney's fees incurred in the instant lawsuit.[15]

**B.     *Procedural Background***

On May 25, 2018, Plaintiff filed a "Petition for Breach of Contract for Failure to Defend" against Defendants Lexington and AIG Claims in the Civil District Court for the Parish of Orleans.[16] Plaintiff claims that Lexington breached its duties to Plaintiff under the Miscellaneous Professional Liability Policies.[17] Plaintiff claims that AIG Claims failed to adjust the claim properly, breaching a duty imposed on both AIG Claims and Lexington under Louisiana Civil Code article 1978.[18] Plaintiff also alleges that Lexington failed to file a claim against AIG Claims for breach of contract relating to Plaintiff's request for defense under the Miscellaneous

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at 7.

[15] *Id.*

[16] *Id.* at 1.

[17] *Id.* at 7.

[18] *Id.* at 8.

Professional Liability Policies, and so Plaintiff brings an oblique action against AIG Claims under Louisiana Civil Code article 2044.[19]

On July 17, 2018, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, because Defendants asserted that this matter is between citizens of different states and the amount in controversy exceeds $75,000.[20] On August 3, 2018, Defendants filed a "Rule 12(b)(6) Partial Motion to Dismiss."[21] On January 7, 2019, the Court granted the motion in part and denied the motion in part.[22] The Court dismissed the oblique action filed by Plaintiff as Plaintiff concedes that it cannot show an essential element of an oblique action.[23] The Court found that Plaintiff had not stated a third-party beneficiary claim against Defendants and had not stated a claim against AIG Claims. However, rather than dismissing the claims at that time, the Court granted Plaintiff leave to amend the complaint.[24]

On February 6, 2019, Plaintiff filed an Amended Complaint.[25] On March 6, 2019, Defendants filed the instant "Second Rule 12(b)(6) Partial Motion to Dismiss."[26] On March 19,

---

[19] *Id.*

[20] Rec. Doc. 1. Defendants allege that Lexington is a Delaware corporation with its principal place of business in Massachusetts, and AIG Claims is a Delaware corporation with its principal place of business in New York. *Id.* at 3. Plaintiff is a Louisiana limited liability company, whose members are diverse from AIG Claims and Lexington. *Id.* at 2. Plaintiff alleges that it is entitled to damages for sums of money it paid to defend itself from the lawsuit filed by VCC, which "amounted to millions of dollars." Rec. Doc. 1-1 at 7–8. Therefore, the amount in controversy clearly exceeds $75,000.

[21] Rec. Doc. 9.

[22] Rec. Doc. 18.

[23] *Id.* at 15.

[24] *Id.*

[25] Rec. Doc. 24.

[26] Rec. Doc. 27.

2019, Plaintiff filed an opposition to the motion.[27] On March 27, 2019, with leave of Court, Defendants filed a reply brief in further support of the motion.[28]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Partial Motion to Dismiss*

In the instant motion, Defendants seek dismissal of the third-party beneficiary claim Plaintiff brings against them under Louisiana Civil Code article 1978 because Plaintiff has not plead any facts that establish it is a third-party beneficiary to any contract between Lexington and AIG Claims.[29] Next, Defendants assert that Plaintiff cannot state a claim against AIG Claims because Louisiana law does not provide for coverage claims against an insurance adjuster.[30] Finally, Defendants argue that Plaintiff cannot state a claim under Louisiana Civil Code article 3019 because even assuming AIG Claims is a mandatary, Plaintiff has not alleged it had any contract with AIG Claims.[31]

First, Defendants argue that Plaintiff has not plead any facts that establish it is a third-party beneficiary to any contract between Lexington and AIG Claims.[32] Defendants note that there are three criteria Louisiana courts use to determine whether a third party benefit has been created under Louisiana Civil Code article 1978: "(1) the stipulation for a third party must be manifestly clear; (2) there must be certainty as to the benefit provided the third party; and (3) the benefit must not

---

[27] Rec. Doc. 31.

[28] Rec. Doc. 39.

[29] Rec. Doc. 27-2 at 1.

[30] *Id.*

[31] *Id.*

[32] *Id.* at 6.

be a mere incident of the contract between the promissor and the promissee."[33] Because Plaintiff has not alleged facts regarding any of the elements required to state a third-party beneficiary claim against Defendants, Defendants assert that such a claim should be dismissed.[34]

Second, Defendants argue that the Court should dismiss Plaintiff's claims against AIG Claims because AIG Claims is not a party to the insurance contracts at issue in this case.[35] Defendants assert that Louisiana courts have consistently held that, "as a general rule, an insurance adjuster owes no duty to an insured to properly investigate or handle claims, or advise an insured on coverage issues."[36] Therefore, Defendants argue that Plaintiff cannot bring a direct claim against AIG Claims under the Louisiana Insurance Code.[37]

Finally, Defendants argue that Plaintiff cannot bring a mandatory claim against AIG Claims.[38] Defendants note that Louisiana Civil Code article 3019 provides "[a] mandatary who exceeds his authority is personally bound to the third person with whom he contracts, unless that person knew at the time the contract was made that the mandatary had exceeded his authority or unless the principal ratifies the contract."[39] Because Plaintiff has not asserted any facts that would support a claim under this article, Defendants assert that the mandatory claim must be dismissed.[40]

---

[33] *Id.* at 7 (citing *Joseph v. Hospital Service District No. 2 of Parish of St. Mary*, 2005-2364 (La. 10/15/06); 939 So. 2d 1206, 1212).

[34] *Id.* at 8.

[35] *Id.*

[36] *Id.* at 9 (citing *Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 (E.D. La. Oct. 31, 2006)).

[37] *Id.* at 9–11.

[38] *Id.* at 11.

[39] *Id.*

[40] *Id.* at 11.

### B. Plaintiff's Arguments in Opposition to Defendants' Motion

In opposition, Plaintiff asserts that the motion to dismiss should be denied, or if granted the dismissal should be without prejudice.[41] Plaintiff contends that it has not asserted any third party claims against Lexington, and the claim against Lexington is for breach of its contractual obligation to provide a defense to Plaintiff in the prior lawsuit.[42] Therefore, Plaintiff asserts that Lexington is not entitled to any relief on the instant motion.[43]

Next, Plaintiff argues that it has pleaded that AIG Claims "exceeded its mandate from Lexington and acted outside the scope of its contract."[44] According to Plaintiff, it propounded discovery to obtain facts to show that AIG Claims exceeded its mandate, but AIG Claims refused to provide the discovery responses.[45] Plaintiff asserts that it is currently aware of the following facts: (1) AIG Claims authored all communications to Plaintiff after Plaintiff requested that Lexington provide Plaintiff's defense in the prior lawsuit; (2) Lexington did not respond to Plaintiff's request that it provide Plaintiff's defense; (3) Plaintiff has no direct evidence of the relationship between AIG Claims and Lexington but is in possession of correspondence from AIG Claims, which asserts that it is the "authorized" claims representative of Lexington.[46] For these reasons, Plaintiff argues that the motion to dismiss should be denied.[47] Alternatively, if the Court does grant the motion to dismiss, Plaintiff requests that the dismissal be without prejudice because

---

[41] Rec. Doc. 31 at 1.

[42] *Id.* at 2.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.* at 3.

[47] *Id.*

"in the absence of a formal stipulation by Lexington that it will not ever assert a defense that AIG Claims was not authorized to act on behalf of Lexington, and/or that AIG Claims exceeded its mandate, Plaintiff [] is left in an untenable, unjust position."[48]

### C. *Defendants' Arguments in Further Support of the Motion*

In the reply brief, Defendants assert that the motion to dismiss should be granted.[49] First, Defendants assert that they raised the argument regarding the third-party beneficiary claim because Plaintiff alleged that AIG Claims' "failure and/or refusal to adjust the claim properly breached the duty imposed upon AIG [Claims] and Lexington pursuant to Article 1978 of the Louisiana Civil Code."[50] Based on this allegation, Defendants contend that "Lexington felt it important to seek dismissal of any claim against it which may arise under any alleged contractual theory other than a direct breach of the insurance policy provisions."[51] Defendants clarify that they "do seek a ruling from this Court that Plaintiff has not stated any claim whatsoever against it under Article 1978."[52]

Finally, Defendants argue that the mandate claim against AIG Claims must be dismissed because Plaintiff "has not given this Court one legally cognizable basis to keep AIG Claims in the case."[53] However, Lexington states that it "is willing to stipulate that AIG Claims is an authorized representative of Lexington and has not exceeded its authority it had with regards to adjustment of the claim at issue in this case."[54]

---

[48] *Id.*

[49] Rec. Doc. 39 at 1.

[50] *Id.* at 2.

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.* at 2–3.

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[55] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[56] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[57] "Factual allegations must be enough to raise a right to relief above the speculative level."[58] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[59]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[60] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[61] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[62] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[63] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a

---

[55] Fed. R. Civ. P. 12(b)(6).

[56] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[57] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[58] *Twombly*, 550 U.S. at 556.

[59] *Id.* at 570.

[60] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[61] *Iqbal*, 556 U.S. at 677–78.

[62] *Id.* at 679.

[63] *Id.* at 678.

cause of action.[64] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[65] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[66] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[67]

## **IV. Analysis**

In the instant motion, Defendants seek dismissal of the third-party beneficiary claim Plaintiff brings against them under Louisiana Civil Code article 1978 because Plaintiff has not plead any facts that establish it is a third-party beneficiary to any contract between Lexington and AIG Claims.[68] Next, Defendants assert that Plaintiff cannot state a claim against AIG Claims because Louisiana law does not provide for coverage claims against an insurance adjuster.[69] Finally, Defendants argue that Plaintiff cannot state a claim under Louisiana Civil Code article 3019 because even assuming AIG Claims is a mandatary, Plaintiff has not alleged it had any contract with AIG Claims.[70] Accordingly, the Court addresses each of these issues in turn.

---

[64] *Id.*

[65] *Id.*

[66] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[67] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[68] Rec. Doc. 27-2 at 1.

[69] *Id.*

[70] *Id.*

### A.      *Whether Plaintiff Has Stated a Third-Party Beneficiary Claim Against Defendants*

In the instant motion, Defendants seek dismissal of the third-party beneficiary claim Plaintiff brings against them under Louisiana Civil Code article 1978 because Plaintiff has not plead any facts that establish it is a third-party beneficiary to any contract between Lexington and AIG Claims.[71] In opposition, Plaintiff states that it is not bringing a third-party beneficiary claim against Lexington.[72] Plaintiff asserts that it has pleaded sufficient facts to state a claim against AIG Claims, but also notes that Defendants have refused to provide Plaintiff with a copy of the contract between Lexington and AIG Claims at this stage of the litigation.[73]

Louisiana Civil Code article 1978 provides that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary."[74] The Louisiana Supreme Court has set forth three criteria for determining whether contracting parties have provided a benefit for a third party: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promissor and the promissee."[75] "The most basic requirement of a stipulation pour autrui is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof."[76] "A stipulation *pour autrui* is never presumed. The party claiming the benefit bears the burden of proof"[77]

---

[71] *Id.*

[72] Rec. Doc. 31 at 2.

[73] *Id.*

[74] La. Civ. Code art. 1978.

[75] *Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 2005-2364 (La. 19/15/06), 939 So.2d 1206, 1212.

[76] *Id.* (internal citations omitted).

[77] *Id.*

Plaintiff pleads the following in support of its third-party beneficiary claim:

Lexington's assignment to AIG-C to adjust the claim of VCC against H&G was for the benefit of both Lexington and H&G, and thus, AIG-C's failure and/or refusal to adjust the claim properly breached the duty imposed upon AIG-C and Lexington pursuant to Article 1978 of the Louisiana Civil Code.[78]

Upon belief, the contract between Lexington and AIG-C contains a clear provision and/or stipulation that the purpose of the contract is for the benefit of Lexington's insured (such as H&G) and that the certainty of this benefit to Lexington's insureds (such as H&G) is to in good faith and fairly adjust insureds' claims promptly and this obligation of AIG-C and benefit to Lexington's insured such as H&G is not a mere incident of the contract between those parties but rather is the substance and purpose of the contract between the parties.[79]

Plaintiff has pleaded facts to establish the essential elements of a third-part beneficiary claim. Plaintiff alleges that the contract between Lexington and AIG Claims contained a manifestly clear stipulation for the benefit of Plaintiff, that there was certainty as to the benefit provided to Plaintiff, and that the benefit was not a mere incident of the contract. Defendants assert that Plaintiff has not pleaded specific facts in support of this claim. However, Defendants admit that they have not provided Plaintiff with a copy of the contract between Lexington and AIG Claims. Although "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice to state a claim, the complaint need not contain detailed factual allegations.[80] Instead, from the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[81] Here, Plaintiff has pleaded facts establishing that it is a third-party beneficiary to the contract between Lexington and AIG Claims, which are accepted as true for purposes of deciding

---

[78] Rec. Doc. 1-1 at 8; Rec. Doc. 24 at 1.

[79] Rec. Doc. 24 at 2.

[80] *Iqbal*, 556 U.S. at 678.

[81] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

the motion to dismiss. Accordingly, the Court denies Defendants' motion to dismiss the third-party beneficiary claim against AIG Claims.

B. **Whether Plaintiff Has Stated a Direct Claim Against AIG Claims as an Insurance Adjuster under the Louisiana Insurance Code**

Defendants assert that Plaintiff cannot state a claim against AIG Claims because Louisiana law does not provide for coverage claims against an insurance adjuster.[82] Plaintiff does not respond to this argument.

The Louisiana Insurance Code imposes upon an insurer a duty of good faith and fair dealing, including "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured."[83] Federal district courts in Louisiana have consistently recognized that, as a general rule, an insurance adjuster cannot be held liable for its processing and handling of an insurance claim.[84] However, courts have recognized that an insurance adjuster can be held liable where the adjuster "has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on this information."[85]

Even after being granted leave to amend the complaint, Plaintiff has not pleaded any facts to show that AIG Claims engaged in fraud or provided Plaintiff with false information regarding the potential success of the claim. Accordingly, the Court will dismiss Plaintiff's direct claim against AIG Claims as an insurance adjuster.

---

[82] Rec. Doc. 27-2 at 1.

[83] La Rev. Stat. § 22:1973(A).

[84] *Rosinia v. Lexington Ins. Co.*, No. 06-6315, 2006 WL 3141247 (E.D. La. Oct. 31, 2006) (Barbier, J.); *Munsterman v. State Farm Fire & Cas. Co*, No. 06-8722, 2007 WL 29183, *1 (E.D. La. Jan. 3, 2007) (Zainey, J.); *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 221560, *3 (E.D. La. Jan. 27, 2005) (Duval, J.); *Rich v. Bud's Boat Rentals, Inc.*, No. 96-3279, 1997 WL 785668 at *3(E.D. La. Nov. 30, 2006) (Vance, J.).

[85] *Munsterman*, 2007 WL 29183, at *1.

C.  *Whether Plaintiff Has Stated a Mandatory Claim Against AIG Claims*

Finally, Defendants argue that Plaintiff cannot state a claim under Louisiana Civil Code article 3019 because even assuming AIG Claims is a mandatary, Plaintiff has not alleged it had any contract with AIG Claims.[86] In response, Plaintiff argues that it has pleaded that AIG Claims "exceeded its mandate from Lexington and acted outside the scope of its contract."[87]

Louisiana Civil Code article 3019 provides that "[a] mandatary who exceeds his authority is personally bound to the third person with whom he contracts, unless that person knew at the time the contract was made that the mandatary had exceeded his authority or unless the principal ratifies the contract." In *Parish of Jefferson v. Bankers Insurance Co.*, the Louisiana Fifth Circuit Court of Appeal held that because there was no allegation that the defendant and the plaintiff entered into any contract, the defendant could not be personally liable to the plaintiff, even if the defendant exceeded his authority.[88]

Here, Plaintiff alleges that AIG Claims "exceeded its mandate from Lexington and acted outside the scope of its contract by improperly adjusting and/or denying [Plaintiff's] claim for defense."[89] However, even after being granted leave to amend the complaint, Plaintiff has not alleged that it contracted with AIG Claims. Therefore, Plaintiff has not stated a claim against AIG Claims under Louisiana Civil Code article 3019, and the Court dismisses this claim.

---

[86] Rec. Doc. 27-2 at 1.

[87] Rec. Doc. 31 at 2.

[88] 11-590 (La. App. 5 Cir. 2/28/2012); 88 So. 3d 1082, 1086.

[89] Rec. Doc. 24 at 2.

## V. Conclusion

For the reasons discussed above, the Court dismisses any direct claim against AIG Claims under the Louisiana Insurance Code and the claim under Louisiana Civil Code article 3019. However, Plaintiff has stated a claim against AIG Claims under Louisiana Civil Code article 1978. Therefore, the motion to dismiss is denied with respect to that claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Second Rule 12(b)(6) Partial Motion to Dismiss"[90] is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** to the extent it seeks dismissal of any direct claim against AIG Claims under the Louisiana Insurance Code and the claim against AIG Claims under Louisiana Civil Code article 3019. The motion is **DENIED** to the extent it seeks dismissal the claim against AIG Claims under Louisiana Civil Code article 1978.

**NEW ORLEANS, LOUISIANA,** this 25th day of June, 2019.

NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[90] Rec. Doc. 27.